UNITED STATES DISTRICT COURT
EASTERN DISRICT OF NEW YORK

----------------------------------------------------------------x

JONATHAN OGBOROGE, individually
and on behalf of all others similarly situated,

                                            Case No.:

        Plaintiff,


   v.

UNITED AIRLINES, INC.,

        Defendant.
----------------------------------------------------------------x

## CLASS ACTION COMPLAINT

1.      Plaintiff, Jonathan Ogboroge, brings this action on behalf of himself and all similarly situated current and former Flight Attendants for United Airlines, Inc. who it based out of the LaGuardia- Newark hub (the "Class") against Defendant United Airlines, Inc. ("United") for (1) failure to timely pay earned hourly wages in violation of Section 191 of the New York Labor Law, and (2) failure to provide accurate wage statements in violation of Section 195 of the New York Labor Law (the "Wage Theft Prevention Act"), during the applicable six year statute of limitations period prior to the date of the filing of this action (the "Class Period").

        New York Labor Law Section 191 Violations

2.      New York Labor Law Section 191(d) requires "clerical and other workers" be paid earned wages at least semi-monthly.  Payment of earned wages, moreover, is required within seven days of the end of the pay period.

3.      During the Class Period, United has not paid its New York based flight attendants their total earned wages bi-monthly and has not paid the earned wages within seven

1

days of the end of the pay period. Instead, United's pay system issues one paycheck for the first half of the month which includes a "Flight Advance," rather than payment of wages actually earned, and a second paycheck which adjusts the 'Flight Advance," (i.e., a clean-up pay) which purportedly covers work performed during the entire month. Payment of actual wages earned is thus made at best only once per month and payment is received 15 to 30 days following the end of the applicable pay periods.

4.     The first wage statement does not reflect the actual hours worked and applicable rates of pay, but simply reflects what United calls a "Flight Advance." There is no applicable rate of pay or hours worked reflected on the wage statement corresponding to the "Flight Advance." The second wage statement covering the entire month shows regular pay, per diem pay and a "Flight Advance" clean up pay – a number which is either positive or negative and allegedly attempts to correct for over payment or under payment of actual hours worked caused by the "Flight Advance" made during the first half of the month.    The Unted wage statement covering the entire month also fails to list the applicable hourly rate and the hours worked. Payment for the first two weeks of the month is made by the first of the following month (or 15 days after the end of the pay period), while payment for the entire month occurs by the 15th of the following month (or 30 days after the end of the pay period for work performed during the first half of the prior month).

5.     In effect, United allegedly pays its Flight Attendants, who are hourly employees, their actual earned wages only once a month and makes payment 15 to 30 days after the close of the pay period in which the work was performed.

New York Labor Law Section 195(3) Violations

6.    New York's Wage Theft Prevention Act was enacted in 2010 to provide certain protections to hourly paid employees in this state by ensuring, among other protections, that full explanations are provided to them as to how their wages were calculated at the end of each pay period.  Specifically, Section 195(3) mandates that the total of regular and overtime hours in each pay period be specified, along with the rates of pay, as well as the quantum of other forms of compensation such as bonuses and commissions.

7.    The statute provides protection for employees against wage theft by, *inter alia*, not allowing employers to delay or 'float' wages when due, as well as enabling employees to determine from a review of their wage statement whether they have been properly paid at the correct hourly rate for the actual hours worked during the applicable pay period.  The statute thus relieves the employees of any need to retrieve, maintain, and examine records outside the four corners of their wage statements, such as time punch records, schedules, and other records in the possession of the employer, or to maintain separate manual logs of their work activities themselves to determine whether or not their gross pay is accurate.

8.    If, as here, an hourly paid employee receives only a single-number "Flight Advance" in a pay period reflecting only part of their earned wages in a pay period, instead of a wage statement which specifies the actual hours worked and rates for which he or she is being paid, it is not possible for an employee to determine how many of which type of hours he is being paid for, nor the rate being paid for those hours.  The employee also has no way to tell if the payment is commensurate with the work actually performed during that pay period.

9.    Similarly, on each United wage statement for Flight Attendants which includes "Regular Pay" and "Per Diem Pay", in addition to the "Flight Advance," there is no applicable

rate of pay or number of hours worked provided on the wage statement.  This further prevents

the employee from determining whether the payment is commensurate with the work actually

performed during that pay period.

10.     The statutory protections of Section 195(3) are especially important for hourly

paid Flight Attendants of United due to the complexity of its pay system with multiple hourly

rates applicable to various types of work.  However, as described below, United fails to comply

with the requirements of the Section 195(3), thus making it impossible for Flight Attendants to

ascertain whether they have been paid the correct rate for the correct number of hours worked

and for work actually performed in each pay periods.

11.     Instead, in alternate pay periods the Plaintiff and the other United Flight

Attendants merely receive payment for a "Flight Advance", regardless of the number of hours

actually worked.  In the following pay period, they receive an adjustment in the previously

estimated advance given to the Flight Attendants at the end of the preceding pay period, plus

single line dollar amount entries for Regular Pay and Per Diem Pay, but without the applicable

rate and hours.  In all pay periods, United fails to provide the rate of pay and the hours worked

on the wage statements.  United's wage statement system thus injures hourly paid employees

like Plaintiff and the other Flight Attendants by depriving them of explicit rights conferred by

New York law.  At this juncture, Plaintiff does not know why United uses its particular wage

statement system, as wage statement systems compliant with New York law are in use in the

airline industry.

PARTIES

12.     Plaintiff Jonathan Ogboroge is a former United Flight Attendant.  From 2015 to

2019, Plaintiff Ogboroge was based out of United's LaGuardia – Newark hub in New York,

4

New York, and Newark, New Jersey, respectively.  He is a citizen and resident of Raliegh, North Carolina.

13.    Defendant United Airlines, Inc. ("United") is a Delaware corporation with its headquarters located at Willis Tower, 233 South Wacker Drive, Chicago, Illinois.  United provides retail air transportation in New York and on a national and international basis.  United employs Flight Attendants at airport locations in New York.

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction under the Class Action Fairness Act, Pub. L. 109-2, because the amount in controversy exceeds $5 million in the aggregate, diversity exists between Plaintiff and the Defendant, and there are at least one hundred members of the Class. 28 U.S.C. § 1332(d)(2), (6).

15.    This Court has personal jurisdiction over Defendant because Defendant conducts substantial business in New York.

16.    Venue is properly before this Court pursuant to 28 U.S.C. §1391(b)(2) as Defendant transacts business and may be found in this District, and a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this District.

## FACTS

17.    During the relevant time period, Plaintiff and other Flight Attendants have been employed by United within the meaning of the New York Labor Law.

18.    From 2015 to 2019, Plaintiff Ogboroge was employed by United as a non-exempt, hourly paid Flight Attendant and was based out of United's LaGuardia -Newark hub in New York City and Newark, New Jersey.

19.    As a Flight Attendant, Plaintiff's duties include, *inter alia*, assisting with the boarding of the aircraft, providing beverage and/or food service during flight, providing customer service, including, but not limited to, assistance with luggage, providing blankets, pillows and ear phones, cleaning and collecting trash on the plane, collaborating with the cockpit regarding flight status, providing leadership during flight irregularities, communicating with gate agents and ensuring the safety of the passengers.  The majority of Plaintiff's and the other Flight Attendant's job is comprised of routine mental and physical work which strictly follows standard operating procedures and protocol.

20.    Plaintiff was required to clock in an hour prior to his first flight of the day for domestic flights and an hour and fifteen minutes prior for international flights.  Plaintiff received a certain stipend for this pre-flight wait time.  Plaintiff was not paid their regular rate of pay until the doors close on the plane prior to take off.

21.    Once the plane lands and arrives at the gate, the regular rate of pay time clock stops.  Plaintiff, however, would still be working and required to wait for passengers to exit the plane and provide assistance to passengers as needed during this time.  This process may take up to thirty (30) minutes.  Plaintiff and the other Flight Attendants were not compensated for this time.

22.    When Plaintiff and other Flight Attendants are required to remain at the arrival destination for a layover, they are not compensated for their time spent traveling to and from the airport to their temporary accommodations.  Plaintiff and the other Flight Attendants are compensated at a different rate per hour for layover time per diem, excluding commute time.

23.     The pay structure for Flight Attendants at United is complicated and comprised of numerous different potential rates of pay (in addition to or in lieu of the regular or standard hourly rate), plus credits and reserves, which may be applied during the work week.

24.     The standard rate of pay increases at United according to seniority.

25.     As alleged above, United's pay system divides each month into two pay periods: from the beginning of the month until mid-month; and from the beginning of the month until month end.  The wage statement for the beginning of the month includes a "Flight Advance" regardless of the actual hours worked, the type of work performed, and the applicable rates of pay.

26.     The successive wage statement then reflects payment for the entire month, including a "Flight Advance" clean up pay, which is either a positive or negative amount and attempts to correct the prior payment of the "Flight Advance" to correspond to actual hours worked.  However, neither wage statement provides the rate(s) of pay and hours worked, thus making it nearly impossible for Flight Attendants to ascertain whether their pay is accurate.

27.     As a result of United's practice of paying Flight Attendants based on a "Flight Advance" without providing the actual hours worked and the applicable rates of pay, every wage statement issued by United to the Flight Attendants fails to reflect the actual hours worked with the applicable rates of pay for the stated pay period, and thus violates the New York Labor Law, Article 6, § 195.

28.      Plaintiff and the other Flight Attendants are not paid for all hours of work actually performed in the first half of the month until the 15th of the following month, which is 30 days after the end of the pay period in which the work was performed.  Additionally, Plaintiff and other Flight Attendants are not paid wages earned in the second half of the month

until 15 days after the end of the pay period in which work for those wages has been performed.  At all times, United fails to pay its Flight Attendants for work performed within the pay period within seven days of the end of their pay periods as required by New York law.

29.     Plaintiff and other United Flight Attendants have suffered injury in fact as a result of United' failure to provide wage statements which comply with NYLL, Article 6, § 195(3).  Plaintiff and other Flight Attendants suffer financial injury through actual underpayment in at least half their pay periods, as well as delayed wages in all their pay periods, and "downstream consequences" as a result of failing to receive the required wage statement information under the NYLL in half their pay periods where they receive capped wages and not actual wages earned.  Unlike hourly paid workers who receive a standard and consistent hourly rate up to forty hours per week and overtime pay at one and a half times the standard hourly rate, the United Flight Attendants' hourly rate of pay varies from week to week and depends on numerous factors, including, but not limited to, the type of airliner, the route flown, whether the flight is domestic or international, hold time, layovers and other factors.

30.     Because Plaintiff received wage statements reflecting "Flight Advances," rather than payment of all wages earned for hours actually worked and the applicable rates of pay, Plaintiff cannot ascertain whether he was properly paid by United.  Despite expenditure of effort and time, it remains unclear – if not impossible - for Plaintiff to determine whether he had been properly paid.  Indeed, as a result of United's failure to provide necessary information on the Flight Attendants' wage statements as required under the NYLL, Plaintiff and the other Flight Attendants are unable to ascertain whether they have been properly paid for the actual work performed and hours worked, and if not, to timely advocate for proper pay.

31.     As a result of United's violation of the New York Labor Law, it is impossible for Plaintiff and other Flight Attendants to ascertain whether the "Flight Advance" payments they are receiving in lieu of wages correctly reflect the amount of wages they have actually earned, and, therefore, they have no way to advocate for whatever the correct amount those wages may be.

32.     In addition, Plaintiff and the other Flight Attendants have been denied the opportunity to access and use their earned wages in a timely manner, and/or earn interest income on their earned wages, because their earned wages are underpaid and not timely paid in alternate pay periods in which all wages were earned and required to be paid under the New York Labor Law.

33.     A copy of Plaintiff's United wage statement is attached hereto as Exhibit A.

CLASS ACTION ALLEGATIONS

34.     Plaintiff incorporates by reference the foregoing allegations as if set forth herein.

35.     Plaintiff brings this action on behalf of himself, individually, and on behalf of a Class comprised of the following:  All persons who have worked for United as a Flight Attendant based at a New York airport, including the United LaGuardia-Newark hub, between the date which is six years before the filing of this complaint until the date a class is certified.

36.     There are approximately 5,200 Flight Attendants, if not more, in the Class (the exact number will be in Defendant's records), and the Class is so numerous that joinder of all members is impracticable.

37.     Defendant has engaged in the same conduct towards Plaintiff and the other members of the Class by: (a) failing to provide them with accurate Wage Statements which

enable them to ascertain whether they have been properly paid for the total hours worked at the

proper rates of pay as required by the New York Labor Law; and (b) failing to timely pay

Plaintiff and the other members of the Class their earned wages bi-monthly and within seven

days of the end of the pay period.

38.     The claims, defenses, and injuries of Plaintiff are typical of the claims, defenses,

and injuries of the Class.

39.     The injuries and damages to Plaintiff and the Class present questions of law and

fact that are common to each member of the Class, and that are common to the Class as a whole.

40.     Plaintiff will fully and adequately protect and represent the Class.

41.     The identity of all members of the Class cannot be determined at this time, but

will be so determined at a later time upon obtaining discovery from Defendant.

42.     The prosecution of separate actions by each member of the Class would create a

substantial risk of inconsistent or varying adjudications with regard to individual Class

members and would establish incompatible standards of conduct for Defendant.

43.     The maintenance of a Class action is the superior means of disposing of the

common questions which predominate herein.

COUNT ONE<br>NEW YORK LABOR LAW:<br>FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS<br>(Brought On Behalf of Plaintiff and the Class)

44.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

45.     United has failed to supply Plaintiff and the Class with an accurate statement of

wages with every payment of wages as required by the NYLL, Article 6, § 195(3), which

requires the actual dates of work covered by that payment of wages; name of employee, name

of employer, address and phone of employer, rate or rates of pay and the basis thereof, whether

paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages;

deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of

pay and overtime rate or rates of pay if applicable; the number of hours worked per week,

including overtime hours worked if applicable; deductions; and net wages.

46.     Indeed, every wage statement received by Plaintiff and the other Flight

Attendants reflects a "Flight Advance," rather than the actual hours worked and the applicable

rates of pay and the basis thereof, for the stated pay period.

47.     Due to Defendant's violations of NYLL § 195(3), Plaintiff and the Class are not

reasonably able to determine during half their pay periods whether they have been paid the

proper rate of pay for the number of hours actually worked.  As a result, Plaintiff and the Class

have suffered actual damages, including, but not limited to, the loss of use of money by which

these underpayments are less than the actual wages earned and due during these pay periods,

as well as time and effort expended in the attempt to reconcile whether the advances reflect

proper pay for the actual hours worked and various tasks performed at varying rates of pay.

48.     Plaintiff and the Class also are entitled to statutory penalties of two hundred and

fifty dollars for each workday that Defendant failed to provide them with accurate wage

statements, or a total of five thousand dollars each, as well as reasonable attorney's fees and

costs as provided for by NYLL, Article 6, § 198.

COUNT TWO
NEW YORK LABOR LAW:
FAILURE TO PAY EARNED WAGES BI-MONTHLY
(Brought on behalf of Plaintiff and the Class)

49.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

50.     New York Labor Law Section 191(d) requires "clerical and other workers" to "be paid the wages earned in accordance with the agreed terms of employment, but not less frequently than semi-monthly" and not later than seven calendar days after the end of the pay period in which the wages are earned.  "Other workers" is a catch all provision that applies to workers like Plaintiff and the other Flight Attendants who do not fall within the professional, executive, or administrative employee exemptions.  United takes between 15 to 30 days following the end of the pay periods to pay Plaintiff and the other members of the Class for wages earned during the pay periods.

51.     One of the primary purposes of New York's frequency of payment law is to ensure that workers receive payment as often as possible to meet their expenses and avoid going into debt unnecessarily.  Defendant's pay schedules, which underpay Flight Attendants for work performed during the first half of the month then allegedly attempt to pay all wages in the second half of the month for actual labor performed during both halves of the month, undermine the objective and policy behind New York's frequency of payment law.

52.     Defendant maintained a policy, practice and/or procedure whereby Defendant failed to pay Plaintiff and the Class for labor within seven (7) days of the end of every pay period and also failed to pay Plaintiff and the Class their total earned wages for their labor semi-monthly.  Plaintiff and the Class were not paid for all wages earned within seven days of the end of each pay period and are required to wait up to an additional 15 to 30 days for payment of wages earned during the pay periods.

53.     Defendant's practice resulted in Plaintiff and Class not receiving timely payment of wages for labor performed for the benefit of Defendant in compliance with New York law.

54.     Plaintiff and the Class are entitled to up to 100% of the untimely paid wages, plus interest thereon at the legal rate, until payment was and is actually made.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests this Court grant the following relief:

A.     Certification of this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.     Designation of Plaintiff as representatives of the Rule 23 Class and counsel of record as Class Counsel;

C.     Actual damages to be determined at trial;

D.     Injunctive relief, including, but not limited to, requiring United to provide accurate wage statements in compliance with the NYLL.

E.     Statutory penalties of two hundred and fifty dollars for each workday that Defendant failed to provide Plaintiff and the Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6, §198.

F.     Prejudgment and post-judgment interest at the legal rate;

G.     Reasonable attorney's fees and costs of the action; and

H.     Such other relief as this Court shall deem just and proper.

<u>JURY TRIAL DEMAND</u>

Plaintiff demands a jury trial on all issues so triable.

Dated:  March 21, 2024
        New York, New York

\

GISKAN SOLOTAROFF & ANDERSON LLP

/s/ *Catherine E. Anderson*
Catherine E. Anderson
canderson@gslawny.com
90 Broad Street, 2nd Floor
New York, New York 10004
(212) 847-8315

David R. Markham, Esq.  (Pro Hac Vice Pending)
dmarkham@markham-law.com
Maggie Realin, Esq. (Pro Hac Vice Pending)
mrealin@markham-law.com
THE MARKHAM LAW FIRM
888 Prospect St., Suite 200
La Jolla, California 92037
Tel: (619) 399-3995
Fax: (619) 615-2067

Ian Pancer, Esq. (Pro Hac Vice Pending)
ian@sandiegolegal.net
**THE LAW OFFICE OF IAN PANCER**
105 West F St. #400
San Diego, CA. 92101
Tel: (619) 955-6644
Fax: (619) 374-7410

Roosevelt N. Nesmith, Esq.
roosevelt@nesmithlaw.com
**LAW OFFICE OF
ROOSEVELT N. NESMITH LLC**
400 Broadacres Drive, Suite 260
Bloomfield, New Jersey 07003
Tel: (973) 259-6990
Fax: (866) 848-1368

*Counsel for Plaintiff and the Class*

# EXHIBIT A

Division of Unemp | Registration | NJSUCCESS | Flying Together | Pay | UAPAYADV.pdf

esoft.ual.com/psc/prd/view/pQzUdYIA8vB_vXBC8Lprrc4V6pmTgut.zlbzpVcGQucTMvQv.kPPPXLPsn31YR22NNZQ1KrGUV.HaS7tCKCLVw--/UAPAYADV.pdf

1/1

| | |
|---|---|
| **United Airlines Inc.**<br>16th Floor - HSCPZ<br>609 Main Street<br>Houston, TX 77002<br>Ph: 877/825-3729 | **Pay Group:** SMF-Semimonthly Flt Attendants<br>**Pay Begin Date:** 08/30/2019<br>**Pay End Date:** 09/29/2019 |

**UNITED**

Thanks for all you do for United !

**Advice #:** 000000016179645
**Advice Date:** 10/16/2019

**Jonathan Ogboroge**
4828 Tommans Trail
Raleigh, NC 27616

**Employee ID:** 337775
**Department:** 7136-INFLT ASSIGNMENT-EWR
**Location:** Newark, New Jersey
**Job Title:** Flight Attendant - Domestic

| TAX DATA: | Federal | NC State |
|---|---|---|
| Marital Status: | Exempt | Single |
| Allowances: | | 0 |
| Addl. Pct: | 0 | |
| Addl. Amt: | 0 | |

## HOURS AND EARNINGS

| | | | Current | | | YTD | TAXES | | |
|---|---|---|---|---|---|---|---|---|---|
| Description | Rate | Hours WKD | Oth Hours | Earnings | Hours | Earnings | Description | Current | YTD |
| Regular Pay | | | | 7,811.05 | | 76,306.79 | Fed Withholdng | 0.00 | 5,127.35 |
| Per Diem Pay Non Taxable | | | | 1,042.61 | | 11,715.39 | Fed MED/EE | 85.79 | 1,160.25 |
| Per Diem Pay Taxable | | | | 17.55 | | 103.84 | Fed OASDI/EE | 366.86 | 4,961.09 |
| Flight Advance | | | | -1,863.75 | | 0.00 | NC Withholdng | 262.00 | 3,495.00 |
| * Imputed Income LTD | | | | 10.84 | | 148.40 | NJ Unempl EE | 0.00 | 131.58 |
| Quarterly Operations Ince | | | | 0.00 | | 325.00 | NJ NJ HCSF | 0.00 | 0.00 |
| * Imputed Income - Travel | | | | 0.00 | | 142.00 | NJ NJ WDPF | 0.00 | 8.60 |
| Profit Sharing | | | | 0.00 | | 3,182.65 | NJ NJ SWAF | 0.00 | 6.02 |
| Vacation Payout | | | | 0.00 | | 980.66 | NJ FLI EE | 0.00 | 27.52 |
| | | | | | | | NJ OASDI/EE | 0.00 | 58.48 |
| **TOTAL:** | | 0.00 | 0.00 | 7,007.46 | 0.00 | 92,614.33 | **TOTAL:** | 714.65 | 14,975.89 |

* Denotes Excluded From Earnings Total

| BEFORE-TAX DEDUCTIONS | | | AFTER-TAX DEDUCTIONS | | | EMPLOYER PAID BENEFITS | | |
|---|---|---|---|---|---|---|---|---|
| Description | Current | YTD | Description | Current | YTD | Description | Current | YTD |
| 401(k) Deferral | 594.73 | 7,097.20 | AFA Dues | 50.00 | 500.00 | | | |
| Dental - Pre Tax | 2.25 | 45.00 | GUL - Employee Post Tax | 17.55 | 175.50 | | | |
| Medical - Pre Tax | 50.09 | 1,001.80 | LTD - Post Tax | 5.41 | 96.99 | | | |
| Vision Care Pre Tax | 6.25 | 125.00 | Personal Accident Ins | 0.93 | 18.60 | | | |
| | | | 401(k) Loan 1 | 101.39 | 2,027.80 | | | |
| | | | 401(k) Loan 2 | 95.77 | 765.24 | | | |
| | | | Travel Eligible Deduction | 0.00 | 153.04 | | | |
| | | | Travel - Dom Part Unltd Friend | 0.00 | 26.18 | | | |
| | | | Link Pay Deduction | 0.00 | 16.16 | | | |

here to search    1:40 PM 10/17/20