UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN OGBOROGE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, INC.,<br><br>Defendant. | No. 1:24-cv-02087-RER-LKE<br><br>**Date of Service:** October 9, 2024 |

**MEMORANDUM OF LAW IN SUPPORT OF  DEFENDANT
UNITED AIRLINES, INC.'S RULE 11 MOTION FOR SANCTIONS**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ........................................................................................................................... 3

    I.    COUNSEL'S CLAIM THAT PLAINTIFF'S EMPLOYMENT WAS GOVERNED BY NEW YORK LAW IS OBJECTIVELY UNREASONABLE ............................................... 4

    II.   DISMISSAL AND FEES ARE APPROPRIATE SANCTIONS ...................................... 10

CONCLUSION ....................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abdelhamid v. Altria Grp., Inc.*,
 515 F. Supp. 2d 384 (S.D.N.Y. 2007) ................................................................... 10

*AJ Energy LLC v. Woori Bank*,
 829 F. App'x 533 (2d Cir. 2020) ........................................................................... 11

*An v. Shan*,
 2023 WL 6215003 (S.D.N.Y. Sept. 25, 2023) ......................................................... 8

*Bernstein v. Virgin America, Inc.*,
 3 F.4th 1127 (9th Cir. 2021) ............................................................................... 5, 6

*Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*,
 498 U.S. 533 (1991) ................................................................................................ 8

*Charles Equip. Energy Sys., LLC v. Innio Waukesha Gas Engines, Inc.*,
 2023 WL 2346337 (S.D.N.Y. Mar. 3, 2023) ....................................................... 7, 10

*China AI Cap. Ltd. v. DLA Piper LLP*,
 2023 WL 5016492 (S.D.N.Y. July 28, 2023), *R. & R. adopted* 2024 WL 964596, at *8-9
 (S.D.N.Y. Mar. 6, 2024) .......................................................................................... 8

*de la Fuente v. DCI Telecomms., Inc.*,
 259 F. Supp. 2d 250 (S.D.N.Y. 2003) ...................................................................... 3

*Ferguson v. Comm'r of Tax & Fin.*,
 739 F. App'x 19 (2d Cir. 2018) ............................................................................... 3

*First Cent. Sav. Bank v. Meridian Residential Cap.*,
 2011 WL 1240100 (E.D.N.Y. March 30, 2011) ....................................................... 10

*Goshen v. Mut. Life Ins. Co. of N.Y.*,
 286 A.D.2d 229 (1st Dep't 2001) ............................................................................ 4

*Gutierrez v. Fox*,
 141 F.3d 425 (2d Cir. 1998) ................................................................................. 3, 8

*Indosuez Int'l Fin. B.V. v. Nat'l Rsrv. Bank*,
 98 N.Y.2d 238 (2002) .............................................................................................. 6

*Kingston v. Int'l Bus. Machs. Corp.*,
 135 N.Y.S.3d 9 (1st Dep't 2020) ............................................................................. 4

*Levy v. Endeavor Air Inc.*,
 638 F. Supp. 3d 324 (E.D.N.Y. Nov. 1, 2022) .......................................................... 5

*McCabe v. Lifetime Ent. Servs., LLC*,
 2018 WL 1521860 (E.D.N.Y. Jan. 4. 2018), *aff'd* 761 F. App'x 38, 42 (2d Cir. 2019) ......... 3, 7

*McKenzie-Morris v. V.P. Records Retail Outlet, Inc.*,
 638 F. Supp. 3d 333 (S.D.N.Y. 2022) .................................................................... 10

*O'Malley v. N.Y. City Transit Auth.*,
 896 F.2d 704 (2d Cir. 1990) .................................................................................. 10

i

*O'Neill v. Mermaid Touring Inc.*,
    968 F. Supp. 2d 572 (S.D.N.Y. 2013) ........................................................................ 4

*Pierre v. GTS Holdings, Inc.*,
    2015 WL 7736552 (S.D.N.Y. Nov. 30, 2015) ............................................................ 6

*Rodriguez v. KGA Inc.*,
    155 A.D.3d 452 (1st Dep't 2017) ............................................................................... 4

*Rosales v. Low Bid, Inc.*,
    2018 WL 3468710 (E.D.N.Y. July 3, 2018) ............................................................... 4

*Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy Sauce Factory, Ltd.*,
    682 F.3d 170 (2d Cir. 2012) ...................................................................................... 3

*Trs. of Mosaic & Terrazzo Welfare, Pension, Annuity & Vacation Funds v. Elite Terrazzo Flooring, Inc.*,
    2019 WL 13414492 (E.D.N.Y. June 5, 2019) ............................................................. 3

*Ward v. United Airlines, Inc.*,
    9 Cal. 5th 732 (2020) ................................................................................................. 5

*Warman v. Am. Nat'l Standards Inst.*,
    2016 WL 3676681 (S.D.N.Y. July 6, 2016) ............................................................... 4

**Statutes**

N.Y. Stat. § 149 .................................................................................................................. 4

**Rules**

Fed. R. Civ. P. 11(b)(2) ..................................................................................................... 3

Fed. R. Civ. P. 11(c)(1) .................................................................................................... 10

Fed. R. Civ. P. 11(c)(2) ................................................................................................. 2, 10

Fed. R. Civ. P. 11(c)(4) .................................................................................................... 10

**Other Authorities**

Fed. R. Civ. P. 11,
    Advisory Committee Notes to 1993 Amendment .............................................. 10, 11

## INTRODUCTION

In his First Amended Complaint ("FAC"), Plaintiff Jonathan Ogboroge, a former United flight attendant, claims that United's wage statements and pay practices violated New York law. But there is no good-faith basis for Plaintiff to claim that New York law applies at all.

United has flight attendant bases at 19 airports in the United States and internationally. Declaration of Giacomo Suriano ("Suriano Decl.") ¶ 3. A flight attendant's base is the airport at which they begin and end trip pairings—sequences of flights that often see them traverse the country. *Id*. ¶ 2. A flight attendant based at Chicago O'Hare Airport, for example, might fly a multi-day trip pairing that looks like this: Chicago-Dallas-Miami-Los Angeles-Dallas-Chicago. United has a flight attendant base at Newark Liberty International Airport in Newark, New Jersey. *Id*. ¶ 3. Many passengers from the New York area take flights out of this New Jersey hub. But United does not have a flight attendant base in New York. *Id*. ¶¶ 3-4.

Counsel assert that Plaintiff's employment is governed by New York law. But Plaintiff is not based in New York. Indeed, Plaintiff barely flew into or out of New York during the six-year limitations period. As counsel know—or reasonably should have known from consulting with their client—he flew into or out of New York only four times out of over 400 flights. *Id*. ¶ 12. In other words, Plaintiff flew to or from New York less than 1% of the time.

Plaintiff's employment was instead based out of Newark in New Jersey. *Id*. ¶ 10. Of the over 400 flights Plaintiff took during the limitations period, 343 were to or from Newark, or 86%. *Id*. ¶ 11. Even the exemplary wage statement that counsel attached to Plaintiff's Amended Complaint lists the location of his employment as "Newark, New Jersey" and his department as "EWR," the airport code for Newark. FAC Ex. A.

There is no nonfrivolous argument that New York law applies to a flight attendant who was based in New Jersey, flew the overwhelming majority of his flights into and out of New Jersey, and who flew into or out of New York less than 1% of the time.

Look no further than Plaintiff's counsel's own proposed choice-of-law rule. Plaintiff's counsel assert that New York should follow the lead of other states that have held that the employment of interstate transportation workers (like flight attendants) is governed by the law of the state "where the flight attendant is based." Dkt. 11 at 1. Counsel have no nonfrivolous argument that New York law would apply under that test. Again, they knew or should have known from speaking with their client that he was based in New Jersey, flew the overwhelming majority of his flights to and from New Jersey, and has no meaningful connection to New York. Counsel have identified no legal principle that would allow for the application of New York law on these facts, nor is United aware of one.

United does not bring this motion lightly. That is why United wrote to Plaintiff's counsel to provide them an opportunity to explain the basis the for their New York claims or withdraw them before sending the actual motion that commenced the 21-day safe harbor under Federal Rule of Civil Procedure 11(c)(2). *See* Declaration of Mark Robertson ("Robertson Decl."), Ex. A.[1] But counsel persisted in their frivolous claim that New York law applies.

For the reasons that follow, United respectfully requests that the complaint be dismissed with prejudice and that counsel pay United's costs in preparing this motion and for responding to their frivolous complaint.

---

[1] United has complied with Rule 11(c)(2)'s safe harbor provision. That provision requires the movant to serve a Rule 11 motion on opposing counsel but refrain from filing or presenting it to the court for "21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). The purpose of this 21-day buffer is to allow opposing counsel to withdraw or correct the challenged filing. *Id*. Here, United served its Rule 11 motion on Plaintiff's counsel on October 9, 2024, and waited at least 21 days to initiate filing with this Court. *See* Robertson Decl. ¶¶ 5-8.

## ARGUMENT

When counsel signs a pleading, she represents to the court, on pain of sanctions, that the "claims, defenses, and other legal contentions" asserted in the filing "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). Rule 11(b)(2) "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998) (quotations omitted). "An attorney may be subject to sanctions under Rule 11 for presenting frivolous claims in a pleading." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy Sauce Factory, Ltd.*, 682 F.3d 170, 177 (2d Cir. 2012).

"[T]he operative question" under Rule 11(b)(2) "is whether the argument is frivolous, i.e., the legal position has no chance of success, and there is no reasonable argument to extend, modify, or reverse the law as it stands." *Id.* (quotations omitted); *see also, e.g.*, *Ferguson v. Comm'r of Tax & Fin.*, 739 F. App'x 19, 22 (2d Cir. 2018); *Trs. of Mosaic & Terrazzo Welfare, Pension, Annuity & Vacation Funds v. Elite Terrazzo Flooring, Inc.*, 2019 WL 13414492, at *6 (E.D.N.Y. June 5, 2019). "This test is an objective, not subjective inquiry." *McCabe v. Lifetime Ent. Servs., LLC*, 2018 WL 1521860, at *12 (E.D.N.Y. Jan. 4. 2018), *aff'd* 761 F. App'x 38, 42 (2d Cir. 2019). The standard is "objective unreasonableness and is not based on the subjective beliefs of the [attorney]." *Star Mark*, 682 F.3d at 177. "Accordingly, courts in the Second Circuit have found sanctions appropriate where a plaintiff files a claim that is clearly deficient and where he advances no plausible argument in favor of validity." *de la Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250, 262 (S.D.N.Y. 2003). Such is the case here.

**I.    COUNSEL'S CLAIM THAT PLAINTIFF'S EMPLOYMENT WAS GOVERNED BY NEW YORK LAW IS OBJECTIVELY UNREASONABLE**

It is a "settled rule of statutory interpretation, that unless expressly stated otherwise," New York law does not apply extraterritorially. *Goshen v. Mut. Life Ins. Co. of N.Y.*, 286 A.D.2d 229, 230 (1st Dep't 2001); *see also* N.Y. Stat. § 149 (New York law "ha[s] no force and effect" outside the State's borders). This rule applies fully to New York Labor Law. Article 6 of the New York Labor Law—which contains the provisions at issue in this case—does not "apply when the work in question is performed outside the state." *Rodriguez v. KGA Inc.*, 155 A.D.3d 452, 452 (1st Dep't 2017); *see also, e.g.*, *Rosales v. Low Bid, Inc.*, 2018 WL 3468710, at *7 (E.D.N.Y. July 3, 2018) (New York Labor Law "does not apply to work performed outside of New York state"); *O'Neill v. Mermaid Touring Inc.*, 968 F. Supp. 2d 572, 578-79 (S.D.N.Y. 2013).

The purpose of New York Labor Law "is clearly to protect workers laboring in New York. Nothing in the statute suggests that the legislators intended to give persons who were outside New York the right to come to New York to sue their employers." *O'Neill*, 968 F. Supp. 2d at 579 (quotations omitted). Thus, "[t]he crucial issue is where the employee is laboring." *Id*. (quotations omitted); *see also Warman v. Am. Nat'l Standards Inst.*, 2016 WL 3676681, at *1 (S.D.N.Y. July 6, 2016) (New York Labor law "is designed to protect only those who work in New York"). Where a plaintiff's claim is "premised almost exclusively on work performed outside of [New York], he has failed to state a claim under that statute." *Kingston v. Int'l Bus. Machs. Corp.*, 135 N.Y.S.3d 9, 10 (1st Dep't 2020).

Counsel's assertion that Plaintiff's employment is governed by New York law stands no chance of success under this rule. Plaintiff flew into or out of New York only four times during the entire six-year limitations period. Suriano Decl. ¶ 12. That amounts to less than 1% of Plaintiff's flights. By contrast, 86% of Plaintiff's flights were to or from New Jersey. *Supra* at 1.

Counsel know that Plaintiff's claims are defective under existing New York law. In their May 6, 2024 letter, they cited no New York case that would support the application of New York law to someone who worked in New York only 1% of the time.[2] Instead, they invoked a line of out-of-state cases addressing the applicability of state employment laws to flight attendants who regularly cross state lines and spend a substantial portion of their time working in federal airspace. Dkt. 11 at 1. But counsel have no nonfrivolous argument under that case law either. They stand no chance of success even under their preferred test.

1. That line of cases holds that flight attendants are governed by the law of the state in which they are "based." Dkt. 11 at 1. There is minor variation in how these cases define a flight attendant's "base," but that variation is irrelevant here because Plaintiff would not satisfy any conceivable definition. In the leading case, *Ward v. United Airlines, Inc.*, 9 Cal. 5th 732 (2020), the California Supreme Court defined a flight attendant's base "as the physical location where the worker presents himself or herself to begin work." *Id*. at 755. In *Bernstein v. Virgin America, Inc.*, 3 F.4th 1127 (9th Cir. 2021), the Ninth Circuit held that flight attendants were not required to present themselves for work in California before *every* trip pairing for them to be based there. It was sufficient in *Bernstein* that the employer classified the flight attendants "as being California-based," the employer's "only employee base was in California," and the employees did not spend "a majority of their time" working in another state. *Id*. at 1143. In those circumstances, the Ninth Circuit held, California's "relationship to the work [wa]s more significant than any other state's." *Id.* (quoting *Ward*, 9 Cal. 5th at 759); *cf. Indosuez Int'l Fin. B.V. v. Nat'l Rsrv. Bank*, 98 N.Y.2d

---

[2] Counsel cited one case from this District, *Levy v. Endeavor Air Inc.*, 638 F. Supp. 3d 324 (E.D.N.Y. Nov. 1, 2022), where the court applied New York law at the dismissal stage to plaintiffs who worked at LaGuardia Airport in Queens, New York. *Id*. at 326. That case did not raise extraterritoriality concerns because the named plaintiffs worked in New York, so it does not help Plaintiff here. *See id*. at 332 n.6. But the Court did note that class certification could prove problematic at a later stage given "the specter that plaintiffs' duties may take them beyond the reach of" New York Labor Law. *Id*. at 332.

238, 245 (2002) ("New York choice of law principles require a court to apply the law of the state with the most significant relationship with the particular issue in conflict.").

Under either of these definitions—indeed, under any plausible definition—of a flight attendant's base, there is no nonfrivolous argument that New York law applies here. Plaintiff was not based in New York; nor could he have been, because United does not have a New York flight attendant base. Suriano Decl. ¶¶ 3-4. Plaintiff was based in New Jersey, *id*. ¶ 10, and counsel knew or should have known that. Indeed, the exemplary wage statement *they* attached to Plaintiff's Amended Complaint lists his work location as "Newark, New Jersey" and his department as "EWR," the airport code for Newark. FAC Ex. A.[3]

Plaintiff's trip record puts any dispute to rest. During the six-year limitations period, Plaintiff worked on 401 flights for United. Suriano Decl. ¶ 11. Of those, 343 (or 86%) were to or from Newark. *Id*.; *cf.* Dkt. 11 at 2 (citing, *inter alia*, *Bernstein*, 3 F.4th at 1142-43 (California law applied to flight attendants who worked 31.5% of their time in California), and *Pierre v. GTS Holdings, Inc.*, 2015 WL 7736552, at *4 (S.D.N.Y. Nov. 30, 2015) (New York law applied to chauffer who "conducted most of his chauffeured rides … in New York")).

By contrast, Plaintiff worked on flights into or out of New York only four times during the six-year limitations period. Suriano Decl. ¶ 12. In August 2018, Plaintiff worked on a single flight to Rochester International Airport and a single flight from Rochester the following day. *Id*. And in March 2019, Plaintiff worked on a single flight to LaGuardia and a single flight from LaGuardia. *Id*. That represents just 1% of the flights Plaintiff took in the limitations period (and 0.5% of all origin and destination airports if counted separately).

---

[3] It also shows that United was paying New Jersey employment taxes, as well as taxes in North Carolina, where Plaintiff resides.

Here is what Plaintiff's flight record looks like graphically:



There is no non-frivolous argument that the employment of a flight attendant who was based in New Jersey, flew the overwhelming majority of his flights to and from New Jersey, and flew into or out of New York four times over six years is governed by New York law. Counsel's invocation of New York law stands no chance of success under *Ward*. It stands no chance of success under *Bernstein*. And it stands no chance of success under any other conceivable choice-of-law rule. Counsel's assertion that New York law applies here is objectively unreasonable—Plaintiff's claims are "clearly deficient" and counsel "advance[] no plausible argument in favor of validity." *Charles Equip. Energy Sys., LLC v. Innio Waukesha Gas Engines, Inc.*, 2023 WL 2346337, at *2, *5-9 (S.D.N.Y. Mar. 3, 2023) (concluding, *inter alia*, that filing claims that "were long time-barred" was sanctionable); *accord McCabe*, 2018 WL 1521860, at *11 (sanctions warranted where complaint "contained claims obviously barred by the statute of limitations"); *see*

---

[4] The number of flights in this graph depicts the number of times Plaintiff departed from or landed in a particular airport.

*also, e.g.*, *Gutierrez*, 141 F.3d at 427 ("If an attorney alleges jurisdiction when reasonable inquiry would show that it did not exist, he may be held liable for sanctions substantial in amount."); *An v. Shan*, 2023 WL 6215003, at *4-5 (S.D.N.Y. Sept. 25, 2023) (imposing sanctions where "no existing precedent" supported claims and plaintiffs failed to come forward with "any authority or coherent explanation" in support of their claims); *China AI Cap. Ltd. v. DLA Piper LLP*, 2023 WL 5016492, at *14 (S.D.N.Y. July 28, 2023), *R. & R. adopted* 2024 WL 964596, at *8-9 (S.D.N.Y. Mar. 6, 2024) (Rule 11(b)(2) violated where, among other things, "Plaintiff's counsel … could not have reasonably believed that his arguments for application of [a legal doctrine] to Plaintiff were warranted").

2.  Although the inquiry under Rule 11(b)(2) is objective, *supra* at 3, there is strong evidence here that counsel subjectively knew that their invocation of New York law was frivolous. Plaintiffs cannot credibly claim not to have known that Plaintiff was based in New Jersey given that they attached a wage statement to the FAC that lists Plaintiff's location as "New Jersey" and his assignment as "EWR." FAC Ex. A. Counsel were also obligated to conduct a reasonable factual investigation before filing suit, which should have consisted of discussions with their client about where he worked. *See Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 551 (1991) (attorneys required "to conduct a reasonable inquiry into the facts and law before filing").

Yet counsel's pleadings appear specifically designed to obscure the actual location of Plaintiff's employment—and in fact contain falsehoods that are independently sanctionable under Rule 11(b)(1). Counsel state, for example, that "Plaintiff Ogboroge was based out of United's LaGuardia – Newark hub in Queens, New York, and Newark, New Jersey." FAC ¶ 12. As a matter of public record, United does not have a "hub" that encompasses airports in both New York and

New Jersey.[5]  Suriano Decl. ¶¶ 7-8.   And Plaintiff was not "based" out of such a non-existent multi-state "hub," a fact counsel would have known had they consulted with their client.  Counsel appear to have intentionally conflated United's operations at LaGuardia and Newark for the purpose of invoking New York law.

Even more telling is Plaintiff's amended complaint.  United raised the choice-of-law issue in its May 1, 2024 pre-motion conference letter.  *See* Dkt. 10.  In response, counsel filed an amended complaint that added the following allegation:   "Plaintiff worked in New York's LaGuardia Airport at United's direction on United flights"—plural—"that originated and terminated in New York."  FAC ¶ 12.  That is not true, and at the very least is misleading.  Plaintiff did not work on multiple flights to and from LaGuardia, as this allegation suggests.  He flew out of La Guardia once, on March 21, 2019.  Suriano Decl. ¶ 12.  And he flew into LaGuardia once, on March 22, 2019.  *Id.*  A truthful allegation would have been that, during the limitations period, Plaintiff worked at LaGuardia on one United flight (singular) that originated in New York and one United flight (singular) that terminated in New York.  Had counsel included that allegation, however, it would have been apparent from the face of the complaint that New York law does not apply.  Again, this deceptive pleading appears designed to avoid summary dismissal.

But the Court need not go so far as to find that counsel intentionally misrepresented and obscured the facts in their pleading.  Because the sanctions inquiry is objective, and Plaintiff's invocation of New York law stands no objective chance of success under their own preferred test or any other, sanctions are warranted under Rule 11(b)(2).

---

[5] *See* United Airlines, Inc., Airports and terminal maps,
https://www.united.com/en/us/fly/travel/airport/maps.html (last visited Sept. 10, 2024).

## II.    DISMISSAL AND FEES ARE APPROPRIATE SANCTIONS

When Rule 11 has been violated, "the court may impose an appropriate sanction on any attorney, law firm, or party."  Fed. R. Civ. P. 11(c)(1).  Fashioning the proper sanction is a task committed to the district court.  *McKenzie-Morris v. V.P. Records Retail Outlet, Inc.*, 638 F. Supp. 3d 333, 339 (S.D.N.Y. 2022) ("whether or not to impose sanctions" and "what type of sanction is appropriate in a given case" is "left to the sound discretion of the district court" (quotations omitted)).  This Court accordingly has "broad discretion in tailoring appropriate and reasonable sanctions under [R]ule 11."  *O'Malley v. N.Y. City Transit Auth.*, 896 F.2d 704, 709 (2d Cir. 1990).

Sanctions "must be limited to what suffices to deter repetition of the conduct."  Fed. R. Civ. P. 11(c)(4).  The principal way to deter the filing of a frivolous complaint is to strike it from the Court's docket.  *See* Fed. R. Civ. P. 11, Advisory Committee Notes to 1993 Amendment ("The court has available a variety of possible sanctions to impose for violations, such as striking the offending paper.").  No lesser sanction will do.  When counsel files a frivolous claim, the litigation by definition should not proceed; there is no basis to allow counsel to litigate a claim they knew or should have known had no chance of success.  *See First Cent. Sav. Bank v. Meridian Residential Cap.*, 2011 WL 1240100, at *6 (E.D.N.Y. Mar. 30, 2011) (dismissing allegations with prejudice as Rule 11 sanction); *Abdelhamid v. Altria Grp., Inc.*, 515 F. Supp. 2d 384, 400 (S.D.N.Y. 2007) (an "appropriate [Rule 11] sanction is the dismissal of [plaintiff's] Amended Complaint").

In addition, United requests that the Court impose a monetary sanction on counsel and hold them responsible for United's fees in preparing this motion and United's motion to dismiss.  Fed. R. Civ. P. 11(c)(2), (4); *McKenzie-Morris*, 638 F. Supp. 3d at 341 ("[P]ayment to Defendants is appropriate because they bore the cost both of opposing Plaintiffs' motion and filing this motion for sanctions."); *Charles Equip.*, 2023 WL 2346337, at *9 (awarding as sanctions costs and fees "reasonably incurred to make the successful motion to dismiss").  As demonstrated above, the

pleadings in this case strongly suggest that counsel was subjectively aware of their choice-of-law problem and yet tried to obscure it. *Supra* at 8-9. United put Plaintiff on notice of the choice-of-law issue in its pre-motion conference letter, yet Plaintiffs filed an amended pleading not only reaffirming their defective allegations, but adding a misleading allegation about Plaintiff's work in New York. *Id.*; *see also* Fed. R. Civ. P. 11, Advisory Committee Notes to 1993 Amendment (litigants' obligations "include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit"). And if there were any doubt, United sent counsel a letter apprising them of the possibility of Rule 11 practice as a professional courtesy, and still they did nothing. *See AJ Energy LLC v. Woori Bank*, 829 F. App'x 533, 535-36 (2d Cir. 2020) ("sanctions [were] warranted based on [counsel's] persistence in the face of evidence that their allegations were utterly lacking in support" (quotations omitted)). In these circumstances, United should not bear the cost of counsel's conduct.

## CONCLUSION

For these reasons, United requests that the Court grant this Rule 11 motion, dismiss Plaintiff's Amended Complaint with prejudice, and award United reasonable costs and fees.

Dated: November 1, 2024

Respectfully submitted,

By: */s/ Mark W. Robertson*
Mark W. Robertson
Charles J. Mahoney
O'MELVENY & MYERS LLP
1301 Avenue of the Americas, Suite 1700
New York, NY 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
Email: mrobertson@omm.com
cmahoney@omm.com

Jason Zarrow
O'MELVENY & MYERS LLP
400 South Hope Street, Suite 1900
Los Angeles, CA 90071

11

Telephone:   (213) 430-6000
Facsimile:   (213) 430-6407
Email:   jzarrow@omm.com

*Attorneys for United Airlines, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2024, a copy of the foregoing Memorandum in

Support of Defendant United Airlines, Inc.'s Rule 11 Motion for Sanctions was sent via email

and first class mail to the counsel of record listed below.  Plaintiff provided written consent to

electronic service via email.

Catherine E. Anderson
Giskan Solotaroff & Anderson LLP
90 Broad Street, 2nd Floor
New York, NY 10004
(646) 694-9641
canderson@gslawny.com

David Markham
The Markham Law Firm
750 B Street, Suite 1950
San Diego, CA 92101
(619) 615-2067
dmarkham@markham-law.com

Roosevelt N. Nesmith
Law Office of Roosevelt Nesmith
400 Broadacres Drive, Suite 260
Bloomfield, NJ 07003
(973) 259-6990
roosevelt@nesmithlaw.com

Dated:  November 1, 2024                                   */s/ Mark W. Robertson*
                                                                      Mark W. Robertson